**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 15-cr-00272-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4. FNU LNU AKA CHAPARRO,

    Defendant.

**ORDER RE: DEFENDANT FNU LNU AKA CHAPARRO'S MOTION
FOR PRODUCTION OF NEGATIVE EXCULPATORY STATEMENTS UNDER *BRADY***

**Blackburn, J.**

The matter before me is defendant Rios-Sotelo's[1] **Motion for Production of Negative Exculpatory Statements Under Brady** [#947],[2] filed April 25, 2016.  The government filed a response **(**[#1020], on May 23, 2016).

By this motion, Mr. Rios-Sotelo seeks pretrial disclosure of "any written or oral statement(s) by anyone who gained knowledge of the drug delivery by Rios-Sotelo where the statement did not reflect Rios-Sotelo having delivered 500 grams or more of methamphetamine." (**Def. Motion ¶** 4 at 4.)[3]  The government represents that

---

[1]  Mr. Rios-Sotelo is designated in the caption as "FNU LNU aka CHAPARRO."

[2]  "[#9475]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order and other orders entered in this case.

[3]  Mr. Rios-Sotelo claims this information will be important insofar as it tends to show that he delivered less than the statutorily required amount of methamphetamine. (**Def. Motion ¶** 6 at 5.)  The government responds that the results of as-yet uncompleted testing may cause it to seek a superseding indictment charging Mr. Rios-Sotelo with a violation of this same section based on only 50 or more grams of methamphetamine, thereby undercutting the purported basis of his request. (**See Gov't Resp.** At 2.)

"defendant has the essential information necessary to proceed with his defense" because such was made public in the plea agreements of the codefendants charged in this same count of the Indictment. As for the statements themselves, the government notes disclosure is not required until after a witness (other than the defendant) testifies. *See* 18 U.S.C. § 3500(a). Nevertheless, it agrees to produce witness statements at least two weeks prior to trial. (*See* **Gov't Resp**. at 1-2.)

In fashioning my ruling, I have considered all relevant adjudicative facts in the file and record of this case. I have considered all relevant facts to which there is no express or implied objection. I have considered, but not necessarily accepted, the reasons stated, arguments advanced, and authorities cited by counsel in their papers.

I begin my analysis with a rehearsal of some of the relevant constitutional and legal principles that guide and govern discovery in criminal cases in federal court. In the main, discovery in a criminal case is governed by the provisions of Fed. R. Crim. P. 6, 12, 16, and 26.2; the Jencks Act, 18 U.S.C. § 3500; and – most relevantly for present purposes – the holdings of **Brady v. Maryland**,[4] **United States v. Bagley**,[5] **Giglio v. United States**,[6] **Roviaro v. United States**,[7] and their progeny.[8] Discovery in this case is controlled also by the **Discovery Conference Memorandum and Order** [#293], filed July 8, 2015.

---

[4] 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

[5] 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

[6] 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

[7] 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

[8] Discovery in this case is controlled also by the extant **Discovery Conference Memorandum And Order** [#37], filed April 11, 2013.

Significantly, "[t]here is no general constitutional right to discovery in a criminal case." ***Weatherford v. Bursey***, 429 U.S. 545, 559, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). Significantly, there is no requirement that "the prosecution make a complete accounting to the defense of all evidence in its possession," ***United States v. Baxter***, 492 F.2d 150, 173 (9th Cir. 1973), ***cert. denied***, 94 S.Ct. 1945 (1974), and ***Brady*** does not require the prosecution to divulge every possible shred of evidence that could conceivably benefit the defendant, ***Smith v. Secretary of New Mexico Department of Corrections***, 50 F.3d 801, 823-24 (10th Cir.), ***cert. denied***, 116 S.Ct. 272 (1995). Moreover, the accused has no right to rummage through the government's files, ***United States v. Williams***, 580 F.2d 578, 585 (D.C. Cir.), ***cert. denied***, 99 S.Ct. 112 (1978), and ***Brady*** does not authorize wholesale discovery or demand an "open file" policy, ***Kyles v. Whitley***, 514 U.S. 419, 436-37, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490 (1995). ***See also United States v. Mayes***, 917 F.2d 457, 461 (10th Cir. 1990) (noting the Constitution "does not grant criminal defendants the right to embark on a broad or blind fishing expedition among documents possessed by the Government") (citation and internal quotation marks omitted).

Instead, ***Brady*** requires only the disclosure of information that is material in a constitutional sense. ***Bagley***, 473 U.S. at 682. The mere possibility that discovery might help the defense does not establish materiality in the constitutional sense. "The criterion of materiality is met only if there is a 'reasonable probability' that the outcome of a trial would have been different had the evidence been disclosed to the defense." ***United States v. Gonzales-Montoya***, 161 F.3d 643, 649 (10th Cir. 1998). Reading ***Brady*** and ***Giglio*** together, the government must produce or disclose evidence that is

favorable to the accused when relevant to guilt, credibility, or punishment.  **Brady**, 83 S.Ct. at 1196; **Giglio**, 92 S.Ct. at 766.

Because no evidence has been presented or proffered to the contrary, I am satisfied that the government is cognizant of and will continue to comply with its on-going obligation to disclose materials as required by the relevant provisions of the Federal Rules of Criminal Procedure, **Brady**, **Bagley**, **Giglio**, **Roviaro**, and their progeny, and order of the court.  Based on the existing record, I find and conclude (1) that the government is aware of its continuing duty to disclose to Mr. Rios-Sotele the discovery to which he is entitled by law; (2) that the government has discharged its duty to provide the discovery to which he is entitled; (3) that Mr. Rios-Sotelo has been provided *pro tanto* the discovery to which he is entitled under the Federal Rules of Criminal Procedure, and under **Brady**, **Bagley**, **Giglio**, **Roviaro**, and their progeny; (4) that no discreet or specific discovery violation is claimed or circumstantiated; and (5) that Mr. Rios-Sotelo is not now entitled to discovery beyond that already provided by the government or otherwise available to him or beyond that the government represents it will provide.  Thus, to the extent Mr. Rios-Sotelo has the discovery to which he is entitled, his motion should be denied as moot, and to the extent he requests discovery to which he has no right, his motion should be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Motion for Production of Negative Exculpatory Statements Under Brady** [#947], filed April 25, 2016 is denied as moot in part and denied in part consistent with the foregoing findings and conclusions and the following orders:

a. That concerning the discovery that is required by law, the motion is denied as moot; and

b. That concerning the discovery not required by law, but that defendant requests, the motion is denied.

Dated March 20, 2017, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge